# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 13-cr-60270-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WAYNE DURHAM,

      Defendant.

_____/

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

**THIS CAUSE** is before the Court upon the Defendant's Motion to Appoint Counsel, ECF No. [75] ("Motion"). In the Motion, Defendant requests the appointment of counsel to help him "litigate [his] case and file for compassionate release." *See* ECF No. [75] at 1. However, it is well settled that 18 U.S.C. § 3006A(c) does not provide a statutory right to counsel for a § 3582(c) motion, nor is there a constitutional right to counsel for this type of proceeding. *United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (concluding that the right to counsel does not extend to proceedings under 18 U.S.C. § 3582(c)(1) (citing *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009))); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal as of right, and no further."). As such, "the decision to appoint an attorney is left to the discretion of the district court." *Webb*, 565 F.3d at 795. The Court may appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2); *Cain*, 827 F. App'x at 921-22. As presented by Defendant, there is no indication that the Constitution, statutory authority, or the interests of justice support the appointment of counsel.

Case No. 13-cr-60270-BLOOM

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [75]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Wayne Durham, *pro se*
04599-104
Springfield Medical Center for Federal Prisoners
Inmate Mail/Parcels
Post Office Box 4000
Springfield, MO 65801